IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FRANCISCO DOMINGUEZ, | ) | C 11-6309 RMW (PR) |
| | ) | |
| Petitioner, | ) | ORDER DENYING MOTION FOR |
| | ) | RECONSIDERATION |
| vs. | ) | |
| | ) | |
| MATTHEW CATE, | ) | |
| | ) | (Docket No. 8) |
| Respondent. | ) | |
| | ) | |

      On December 14, 2011, petitioner, a state prisoner proceeding pro se, filed writ of habeas corpus. That same day, the clerk of the court sent petitioner a notice that, within thirty days, he must pay the filing fee, or file a completed motion for leave to proceed in forma pauperis. On March 6, 2012, after having received no communication from petitioner, the court dismissed this action without prejudice for failure to file a motion for leave to proceed in forma pauperis, or to pay the filing fee. Over four months later, on July 20, 2012, petitioner filed a motion for reconsideration.

      Rule 60(b) of the Federal Rules of Civil Procedure provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence that by due diligence could not have been discovered before the court's decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of

the judgment; (6) any other reason justifying relief. See Fed. R. Civ. P. 60(b); School Dist. 1J v. ACandS Inc., 5 F.3d 1255, 1263 (9th Cir.1993). Although couched in broad terms, subparagraph (6) requires a showing that the grounds justifying relief are extraordinary. Twentieth Century - Fox Film Corp. v. Dunnahoo, 637 F.2d 1338, 1341 (9th Cir. 1981).

In the present motion, petitioner does not indicate what provision of Rule 60(b) applies to his case. Petitioner does not make a showing of mistake, inadvertence, surprise or excusable neglect. He does not set forth any newly discovered evidence, fraud, or any grounds for finding that the judgment is void or has been satisfied. Nor does he set forth any other reason justifying relief.

Rule 60(b)(6) affords courts the discretion and power "to vacate judgments whenever such action is appropriate to accomplish justice." Phelps v. Alameida, 569 F.3d 1120, 1135 (9th Cir. 2009). In applying Rule 60(b)(6) to petitions for habeas corpus, the Ninth Circuit has considered the following factors to guide its exercise of its Rule 60(b)(6) discretion: (1) a showing of extraordinary circumstances, such as a change in intervening law; (2) the petitioner's exercise of diligence in pursuing the issue during federal habeas proceedings; (3) interest in finality; (4) delay between the finality of the judgment and the motion for Rule 60(b)(6) relief; (5) degree of connection between the extraordinary circumstance and the decision for which reconsideration is sought; and (6) comity. See id. (granting 60(b)(6) relief where the core issue in petition was not settled until fifteen months after the appeal became final at which point it became clear that petitioner's interpretation of the issue was the correct one).

Here, petitioner asserts that the clerk of the court "continues to illegally take petitioner's filing fee of $5.00" that has been made using the United States Postal Service Money Orders. As an example, he attaches a copy of a letter from a clerk of the court dated March 16, 2009, referring to an unrelated case of petitioner's. (Ex. A.) However, the letter states that the court was returning twelve 42-cents postage stamps that petitioner sent in lieu of the $5.00 filing fee. (Id.) The letter explained that the court could not accept postage stamps in place of United States currency. Postage stamps are not the equivalent of a money order. Further, petitioner has provided no evidence that any filing fee was sent to pay for the underlying action, and the docket

1  reveals that no such payment was ever received.

2      Petitioner has not demonstrated extraordinary circumstances.  There is also no indication
3  that petitioner has been diligent as he not only failed to communicate with the court after
4  receiving the notice to pay the filing fee or file a motion for leave to proceed in forma pauperis,
5  but he also then waited over four months after dismissal of this action to move for
6  reconsideration.  The court finds that the equitable factors provide little support reconsidering
7  petitioner's dismissal.

8      Accordingly, the motion for reconsideration is DENIED (docket no. 8).  Petitioner is not
9  precluded from filing a new action.

10      IT IS SO ORDERED.
11  DATED: _____

*Ronald M. Whyte*

RONALD M. WHYTE
12  United States District Judge

Order Denying Motion for Reconsideration
G:\PRO-SE\SJ.Rmw\HC.11\Dominguez309denrec.wpd   3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO DOMINGUEZ,

        Plaintiff,

  v.

MATTHEW CATE et al,

        Defendant.

Case Number: CV11-06309 RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 12, 2012, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Dominguez F-22191
Sierra Conservation Center
5150 O'Byrnes Ferry Road
Jamestown, CA 95327-9102

Dated: October 12, 2012

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk